George W. WEST

v.

William B. ROBINSON, et al.

Civ. A. No. 79–4462.

United States District Court,
E. D. Pennsylvania.

July 14, 1981.

Richard P. Perna and Mark Spiegel, Penn Legal Assistance Office, Philadelphia, Pa., for plaintiff.

Marc G. Brecher, Deputy Atty. Gen., Dept. of Justice, Philadelphia, Pa., for defendants.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

This civil action filed by a prisoner at the State Correctional Institution at Graterford ("Graterford"), alleges a cause of action authorized by 42 U.S.C. §§ 1983 and 1985; jurisdiction is claimed under 28 U.S.C. § 1343. Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages. The defendants are William B. Robinson, Commissioner of the Pennsylvania Bureau of Correction; Julius Cuyler, Superintendent of the State Correctional Institute at Graterford; Deputy Superintendent Bell; and Charles Batdorf, mail office supervisor at Graterford. After

the close of discovery, the defendants have moved for summary judgment. It is this opposed motion which is presently before the Court.

In his *pro se* complaint [1] plaintiff alleges that the defendants "have and will continue to violate the plaintiff's constitutional rights guaranteed him under the U.S. Constitution through the First (1st) and Fourteenth (14th) Amendments. *See: Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974)." [2]

Paragraph 9 of the complaint contains plaintiff's factual allegations for this legal claim as follows:

Plaintiff's incoming mail from the U.S. Department of Justice is presently being opened and read by the defendant, Bell and Batdorf.

a.) All incoming mail is recieved [sic] and sorted in the mail office under the supervision of defendant, Batdorf. When mail comes in addressed from the U.S. Department of Justice, defendant, Batdorf opens the letter, reviews its contents and then forwards it to defendant, Bell for his review. The opening, reading and screening of these correspondences take place out of the presence of the plaintiff. This procedure is the policy of defendants, Robinson and Cuyler.

Defendants acknowledge that opening, reading and/or delaying the incoming mail of plaintiff West from the U.S. Parole Commission for reasons that do not further the institutions's interest in security would violate plaintiff's First and Fourteenth Amendment rights. *Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974). Also, defendants acknowledge that the Administrative Directive of the State's Bureau of Correction prohibits the type of conduct of which plaintiff complains. Nevertheless, defendants have moved for summary judgment because they contend that after full opportunity for discovery plaintiff can produce no evidence to sustain

1. With his *pro se* complaint plaintiff filed a motion to proceed *in forma pauperis.* I granted plaintiff's motion and appointed counsel to represent him.

2. Trial complaint filed, paragraph 12.

a finding that any of the defendants violated the civil rights of plaintiff. After careful consideration of the pleadings, the motion for summary judgment, the response thereto, the affidavits filed and oral argument, I am convinced that plaintiff can produce no evidence sufficient to permit a fact finder to determine that any of the defendants acted in a manner violative of his rights; therefore, I find that there is no genuine issue as to a material fact and that defendants are entitled to judgment as a matter of law and, accordingly, I grant defendants' motion.

The undisputed facts are as follows: The U.S. Parole Commission wrote plaintiff a letter dated October 24, 1979 and mailed it to him at Montgomery County Prison. A photocopy of the envelope containing the letter shows that it was postmarked to plaintiff at Montgomery County Prison on October 29, 1979. By the time the letter arrived at Montgomery County Prison plaintiff had been transferred to Graterford. Therefore, Montgomery County Prison returned the letter to the U.S. Parole Commission in Washington, D.C. The returned letter arrived at the Commission in Washington, D.C. on November 7, 1979. The Commission forwarded the letter to its local office in Philadelphia where it arrived on November 15, 1979. Thereafter, the Philadelphia office sent the letter to Graterford. After the letter was received in Graterford's mailroom it was sent to Superintendent Cuyler's office, where it arrived on November 20, 1979. Thereafter, it was given to plaintiff's caseworker who delivered the opened letter to plaintiff on November 28, 1979. On December 29, 1979 Superintendent Cuyler wrote a letter to a case analyst at the U.S. Parole Commission stating that the prison received an opened letter on November 20, 1979.[3]

Also, it is undisputed that the prison operates under an administrative directive from the state's Bureau of Correction regarding the handling of prisoners' mail. Pursuant to that directive, mail from government officials and lawyers is considered mail from privileged correspondents which is to be processed as follows:

III. *PRIVILEGED CORRESPONDENCE*

A. The following correspondants shall be considered privileged:

1. Elected federal, state or local officials.

2. Appointed federal or state officials.

3. Lawyers.

B. Mail to these persons shall not be opened, read, censored or reproduced except as provided for in Section IV. Mail from these persons shall be delivered to the housing unit officer, opened by the officer in the presence of the addressee and checked out for contraband as a precaution in case the mail is not from whom it is purported to be. Mail from these persons shall not be read, censored or reproduced except as provided for in Section IV.[4]

Under this directive the letter from the U.S. Parole Commission would qualify as privileged correspondence.

Plaintiff contends there is a genuine issue of material fact as to whether the letter arrived at Graterford opened or sealed. Also, plaintiff argues that summary judgment is precluded because under the applicable case law and prison directive delivery of the letter through the Superintendent's office together with a delay in delivery of eight days is a violation of the plaintiff's civil rights.

First, I will consider plaintiff's contention that a genuine issue of material fact exists regarding whether the letter was improperly opened at Graterford. The uncontroverted affidavits of U.S. Parole Commission case analyst Michael J. Santella and postal

---

**3.** The letter of the parole commission states that a copy was sent to the Superintendent of Montgomery County Prison with a request for a report on Mr. West's institutional adjustment. The letter of Cuyler appears to explain the delay in reporting by Graterford.

**4.** BC–ADM 803 Administrative Directive, (Rev. 10/78), "Subject: Inmate Mail Privileges," Commonwealth of Pennsylvania, Department of Justice, Bureau of Correction.

clerk Mary Ann Daniel (who actually handled the mailing of plaintiff's letter from the Philadelphia office), are relied upon by plaintiff, as evidence that the normal office procedure of the Commission for handling returned mail is to put the original envelope and letter into a new envelope and address it to the inmate at his correct address.[5] The affidavit of Mary Ann Daniel states that to the best of her recollection she followed this routine office procedure when she sent plaintiff's letter to him at Graterford. However, Ms. Daniel's affidavit also discloses that the original envelope may have been opened by either prison personnel at Montgomery County Prison or by a mail clerk at the U.S. Parole Commission.[6] As to the new envelope in which the letter and original envelope were sent from the Philadelphia office of the Commission to Graterford plaintiff can offer no further explanation as to whether it was opened or sealed when it arrived at Graterford. Defendants contend that it was in fact open and point to the letter of December 29, 1979 from Superintendent Cuyler to the U.S. Parole Commission stating that the prison received the opened letter on November 20, 1979. Moreover, defendants contend that the prison operates under the administrative directive from the State's Bureau of Correction regarding inmate mail privileges and that this procedure when followed fully protects the constitutional rights of prisoners and is entirely consistent with *Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974). Plaintiff, does not argue that the administrative directive is insufficient if followed; however, he argues that it was not followed as to this particular letter and attaches affidavits from two other prisoners that on other occasions open letters were received by the prisoners from the U.S. Parole Commission. The evidence which plaintiff can produce does not dis-close any other item of mail addressed to him has been received by him opened. I will grant summary judgment on plaintiff's claim that defendants have violated his civil rights by opening the mail addressed to him because plaintiff after full opportunity for discovery cannot produce any evidence which would tend to directly or circumstantially prove that the named defendants were responsible for intentionally opening his mail.

Also, plaintiff contends that the delay from November 20, 1979 when the letter was delivered to the prison to November 28, 1979 when he received it constitutes an impermissible eight day delay and violated his civil rights. Both parties rely upon *Bryan v. Werner*, 516 F.2d 233 (3d Cir. 1975). *Bryan v. Werner* makes clear that prisoners may recover from the responsible state officials for intentional delay in delivering mail to a prisoner; however, the case also makes clear that isolated, nonintentional delays will not permit either the granting of injunctive relief or money damages. It recognizes that conduct, which is at most negligent, is not a basis for § 1983 recovery. As to the delay in the instant case, plaintiff cannot produce any evidence that defendants Robinson, Bell or Batdorf knew of the delay or had any involvement in it. Viewed in the light most favorable to plaintiff, the evidence establishes that the letter was received in Cuyler's office, Cuyler directed plaintiff's caseworker to deliver it to West and that delivery did not take place until November 28. Because I believe that this evidence would not support a finding that defendant Cuyler was involved in intentionally delaying the mail of Mr. West, I grant summary judgment not only for defendants Robinson, Bell, and Batdorf but also for defendant Cuyler.

---

**5.** *See* Affidavits of Michael J. Santella at ¶ 6 and Mary Ann Daniel at ¶¶ 4, 5.

**6.** The affidavit of mail clerk Mary Ann Daniel states:

> 4) I also sent out the letter again to Mr. West at State Correctional Institution, Graterford, after the letter had been returned to our office. It is unclear whether the letter was returned to this office after having been opened by state authorities at Montgomery County Prison or whether it was returned to this office unopened and was subsequently opened by the mail clerk per routine office procedure.